1
2
3
4
5

David C. Marcus (SBN 158704)
david.marcus@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
350 South Grand Avenue, Suite 2400
Los Angeles, California 90071
Tel: (213) 443-5312

6
7
8

*Attorney for Defendants Tesla, Inc.,*
*Tesla Lease Trust, Tesla Finance LLC*

9
10

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

11
12
13
14
15
16
17
18
19

Joel Richardson,

                        Plaintiff,

        v.

Tesla, Inc., dba Tesla Motors, Inc.; Tesla
Lease Trust; Tesla Finance LLC; and
Does 1-100, inclusive,

                        Defendants.

Case No. '23CV2151 L       MSB

**NOTICE OF REMOVAL**

State Court Docket: Superior Court of
California, County of San Diego

Case No.
37-2023-00042794-CU-BT-CTL

Complaint Filed: October 2, 2023

20
21
22
23
24
25
26
27
28

**TO THE CLERK OF THE COURT:**

        PLEASE TAKE NOTICE THAT, for the reasons stated below, Defendants
Tesla, Inc., Tesla Lease Trust, and Tesla Finance LLC (collectively, "Tesla") hereby
remove the above-captioned action from the Superior Court of California for the
County of San Diego to the United States District Court for the Southern District of
California.

        As grounds for removal, Tesla states as follows:

*Richardson v. Tesla, Inc.*                                          **NOTICE OF REMOVAL**

**SUMMARY**

1.    A defendant may remove an action from state court pursuant to 28 U.S.C. § 1441(a) if the federal district court has original jurisdiction over the action.

2.    This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a), because it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

3.    This Court separately has original jurisdiction over this action as an alleged class action in which "any member of a class of plaintiffs is a citizen of a State different from any defendant" and in which "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."   28 U.S.C. § 1332(d)(2).  Such actions may be removed from state court pursuant to 28 U.S.C. § 1453(b).

**PROCEDURAL HISTORY AND BACKGROUND**

4.    On October 2, 2023, Plaintiff Joel Richardson filed a putative class action complaint captioned *Richardson v. Tesla, Inc.*, Case No. 37-2023-00042794-CU-BT-CTL, in the Superior Court of California in the County of San Diego.  A copy of the complaint, together with all process, pleadings, and orders served on Tesla in the state court action, are attached as Exhibit A to this Notice of Removal.

5.    In the complaint, Richardson alleges that he purchased a 2020 Tesla Model 3 with the Enhanced Autopilot version of Tesla's advanced driver assistance (ADAS) technology.  Compl. ¶ 11.  Richardson alleges that he was misled by Tesla's statements regarding its ADAS technology, including the timeline by which Tesla would (in Richardson's words) provide "the fully self-driving car it promised to provide." *Id.*  The complaint asserts, on behalf of putative nationwide and California classes, claims for breach of express written warranty, breach of implied warranty of merchantability, fraud and deceit, negligent misrepresentation, unjust enrichment, and negligence, as well as violations of the Magnuson-Moss Warranty Act (15

*Richardson v. Tesla, Inc.*                                                          **NOTICE OF REMOVAL**

U.S.C. § 2301, et seq.), California Consumer Legal Remedies Act (Cal. Civ. Code § 1750 et seq.), California False Advertising Law (Cal. Civ. Code § 17500 et seq.), and California Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 et seq.).

6.      Richardson served Tesla with the complaint and summons on October 27, 2023.  Tesla's time to respond to the complaint and summons has not expired, and Tesla has not served or filed an answer.

7.      This notice of removal is timely filed under 28 U.S.C. § 1446(b) because it is filed within 30 days of October 27, 2023, the date on which Tesla was served with a copy of the complaint and summons.  No previous notice of removal has been filed or made to this Court for the relief sought herein.

8.      This action is removable to this Court because San Diego is located in the Southern District of California.  *See* 28 U.S.C. § 1441(a).

## GROUNDS FOR REMOVAL

9.      A defendant may remove an action from state court if the federal district court has original jurisdiction over the action.  28 U.S.C. § 1441(a).

10.      This Court has original jurisdiction over this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

11.      CAFA vests federal district courts with "original jurisdiction of any civil action" (A) that "is a class action," (B) in which "the number of members of all proposed plaintiff classes in the aggregate is [not] less than 100," (C) in which "any member of a class of plaintiffs is a citizen of a State different from any defendant," and (D) in which "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C. § 1332(d).  This action satisfies these requirements.  *See* Compl. ¶ 13 (acknowledging that this action satisfies CAFA's requirements).

*Richardson v. Tesla, Inc.*                                          **NOTICE OF REMOVAL**

12.     This Court separately has original jurisdiction over this action under 28 U.S.C. § 1332(a), because it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

### A.     This Action Is A Putative Class Action

13.     Original jurisdiction under CAFA applies to any civil action that "is a class action." 28 U.S.C. § 1332(d)(2).  A "class action" means "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."  *Id*. § 1332(d)(1)(B).

14.     California Code of Civil Procedure § 382 provides in part that "when the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all."  Section 382 is the California state analog to Federal Rule of Civil Procedure 23.  *See, e.g.*, *Huckleby v. Manpower, Inc.*, 2010 WL 11552970, at *3 n.1 (C.D. Cal. Sept. 7, 2010).

15.     Richardson brings his action on behalf of a putative "nationwide class," which consists of "[a]ll persons who purchased or leased from Tesla, Inc. … a new Tesla vehicle with 'Autopilot,' 'Enhanced Autopilot,' or 'Full Self-Driving Capability' … at any time from January 1, 2016" to the present, and a subclass of "[a]ll persons who purchased or leased from Tesla, Inc. … a new Tesla vehicle with 'Autopilot,' 'Enhanced Autopilot,' or 'Full Self-Driving Capability' … at any time from January 1, 2016" to the present and who either purchased or leased that vehicle in California or who currently reside in California.  Compl. ¶ 94.  This action is therefore a putative class action removeable under CAFA under 28 U.S.C. § 1332(d)(2).  Richardson further alleges that Tesla has "sold or leased tens of thousands of Class Vehicles during the Class Period."  Compl. ¶ 95(a).

*Richardson v. Tesla, Inc.*                                                    **NOTICE OF REMOVAL**

16.     Richardson acknowledges that CAFA governs this lawsuit, "as Plaintiff seeks damages and other relief on a behalf of a class consisting of hundreds of thousands of individuals," and also acknowledges that "[t]his action meets CAFA's jurisdictional requirements because the sum or value of the relief sought exceeds $5,000,000 exclusive of interest and costs, and because at least one Class member is a citizen of a state different from Defendants under § 1332(d)(2)(A) and/or a citizen of a foreign state under § 1332(d)(2)(B)."  Compl. ¶ 13.

**B.    The Putative Class Is Sufficiently Numerous**

17.     Under 28 U.S.C. § 1332(d)(5)(B), the number of members of a plaintiff's proposed class must equal or exceed 100 in the aggregate for the action to be removable under CAFA.

18.     In his complaint, Richardson alleges that "[t]he members of the Class are so numerous that their individual joinder is impracticable" because "Defendants sold or leased tens of thousands of Class Vehicles during the Class Period."  Compl. ¶ 95(a).   The proposed class is thus sufficiently numerous under 28 U.S.C. § 1332(d)(5)(B).

**C.    There Is Diversity Of Citizenship Between The Parties**

19.     A putative class action is removable under CAFA if "any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A).

20.     For purposes of diversity jurisdiction under § 1332(a), all parties must be diverse.

21.     Richardson alleges that he is a "resident of the County of San Diego." Compl. ¶ 16.

22.     Tesla, Inc. is a Delaware corporation with its headquarters located in Austin, Texas as of December 1, 2021.  Compl. ¶ 17.

23.     Tesla Lease Trust is a Delaware statutory trust, and its initial beneficiary is Tesla Finance LLC.  Compl. ¶ 19.

24.     Tesla Finance LLC, a wholly owned subsidiary of Tesla, Inc., is incorporated in Delaware and has its principal place of business in California. Compl. ¶ 20.  Tesla Finance LLC's sole member is Tesla, Inc.

25.     Complete diversity of citizenship exists because Richardson is a citizen of California, Compl. ¶ 16, and none of the Defendants is a resident of California. Tesla, Inc. is a Delaware corporation with its principal place of business in Austin, Texas.  Compl. ¶ 17.  Tesla Lease Trust is a Delaware statutory trust.  Compl. ¶ 19. While Tesla Finance LLC's headquarters are in California, Compl. ¶ 20, for purposes of diversity jurisdiction the location of its headquarters is irrelevant; "an LLC is a citizen of every state of which its owners/members are citizens," *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006), and "an LLC's citizenship is not determined by examining the State of formation or the principal place of business," *GEO Guidance Drilling Servs., Inc. v. Renaissance Res., LLC*, 2020 WL 13252908, at *1 (E.D. Cal. Apr. 2, 2020).  Tesla Finance LLC's sole member is Tesla, Inc.

26.     Because Richardson is a citizen of California and none of the Defendants is a citizen of California, the parties are "citizens of different States," and the diversity of citizenship requirement is met.  28 U.S.C. § 1332(a)(1).

### D.    The Amount In Controversy Exceeds $5,000,000

27.     "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."  *See* 28 U.S.C. § 1332(d)(6). "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability."  *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

1       28.   Richardson acknowledges that "the sum or value of the relief sought

2   exceeds $5,000,000 exclusive of interest and costs."  Compl. ¶ 13.

3       29.   Richardson seeks to recover actual damages, consequential and

4   incidental damages, civil penalties pursuant to Cal. Civ. Code § 1794, restitution,

5   disgorgement, attorney's fees, and equitable relief on behalf of the proposed classes.

6   *See* Compl. ¶¶ 102-205 & Prayer for Relief.

7       30.   Richardson's proposed classes include "[a]ll persons who purchased or

8   leased from Tesla, Inc. … a new Tesla vehicle with 'Autopilot,' 'Enhanced

9   Autopilot,' or 'Full Self-Driving Capability' … at any time from January 1, 2016"

10  to the present, and a subclass of "[a]ll persons who purchased or leased from Tesla,

11  Inc. … a new Tesla vehicle with 'Autopilot,' 'Enhanced Autopilot,' or 'Full Self-

12  Driving Capability' … at any time from January 1, 2016" to the present and who

13  either purchased or leased that vehicle in California or who currently reside in

14  California.  Compl. ¶ 94.

15      31.   Richardson further alleges that Tesla has "sold or leased tens of

16  thousands of Class Vehicles during the Class Period."  Compl. ¶ 95(a).

17      32.   Richardson's request for injunctive relief alone puts the amount in

18  controversy far in excess of $5 million.  The amount in controversy for a claim of

19  nonmonetary relief also includes "the value of the object of the litigation." *Maine*

20  *Cmty. Health Options v. Albertsons Companies, Inc*., 993 F.3d 720, 723 (9th Cir.

21  2021) (citing *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333,

22  347 (1977)).  "[T]he value of that injunctive relief may be considered from the

23  viewpoint of the plaintiff (*i.e.*, the significance of the injunction to the plaintiff) *or*

24  from the viewpoint of the defendant (*i.e.*, the cost of the injunction to the

25  defendant)," whichever is greater.  *Doe v. Aetna, Inc.*, 2018 WL 1614392, at *4

26  (N.D. Cal. Apr. 4, 2018).  Richardson seeks "an injunction prohibiting Defendants

27  from sending or transmitting false, deceptive, or misleading statements to the public

28

regarding the abilities, limitations, flaws, and value of Tesla's ADAS packages and technology." Compl. ¶ 122.

33.     Tesla denies that it is liable to Richardson or any putative class member in any way whatsoever. Removal turns on the amount in controversy, however, and if a court were to order the relief that Richardson demands on behalf of the putative class that he asserts, on information and belief the dollar amount of that relief would exceed $5,000,000, exclusive of interest and costs. CAFA's amount-in-controversy requirement is therefore satisfied.

34.     For purposes of diversity jurisdiction, the above also conclusively establishes that the $75,000 amount-in-controversy requirement is satisfied.

## OTHER PROCEDURAL MATTERS

35.     Promptly upon its filing, a true copy of this Notice of Removal will be provided to all adverse parties pursuant to 28 U.S.C. § 1446(d). Pursuant to Federal Rule of Civil Procedure 5(d), Tesla will file with this Court a Certificate of Service of notice to the adverse party of removal to federal court.

36.     Upon the filing of this Notice of Removal, Tesla will promptly file a Notification of Filing of Notice of Removal with the Clerk of the Superior Court of California, County of San Diego, in accordance with 28 U.S.C. § 1446(d).

37.     By filing this Notice of Removal, Tesla expressly reserves its right to compel arbitration. *See DeMartini v. Johns*, 2012 WL 4808448, at *5 (N.D. Cal. Oct. 9, 2012) (noting that "numerous courts have held that merely removing a case to federal court, where the defendant has not engaged in protracted litigation or obtained discovery, does not give rise to waiver of the right to arbitrate" and collecting cases).

38.     Tesla also does not waive any defenses that may be available to it, including without limitation any defenses relating to service, process, and jurisdiction, including but not limited to personal jurisdiction. *See Wabash W. Ry.*

8

*Richardson v. Tesla, Inc.*                                      **NOTICE OF REMOVAL**

1  *v. Brow*, 164 U.S. 271, 278 (1896) (holding removal to federal court does not waive

2  personal jurisdiction defense); *Freeney v. Bank of Am. Corp.*, 2015 WL 4366439, at

3  *20 (C.D. Cal. July 16, 2015) ("A defendant's election to remove a case to federal

4  court does not waive a personal jurisdiction defense."). Further, Tesla does not

5  concede that the allegations in the complaint state a valid claim under any applicable

6  law or that Richardson is entitled to any relief of any nature, or that Richardson is

7  entitled to have a class certified.

8       39.    Tesla reserves the right to submit additional factual support, evidence,

9  and affidavits to support the basis for federal jurisdiction as necessary at the

10  appropriate time.

11  **NOTICE TO STATE COURT AND PLAINTIFF**

12       Counsel for Tesla certifies that pursuant to 28 U.S.C. § 1446(d), copies of this

13  Notice of Removal will be filed with the Clerk of the Superior Court of California,

14  County of San Diego, and given to Plaintiff's counsel promptly.

15       WHEREFORE, the case now pending in the Superior Court of California,

16  County of San Diego, Case No. 37-2023-00042794-CU-BT-CTL, is hereby

17  removed to the United States District Court for the Southern District of California

18  pursuant to 28 U.S.C. §§ 1332, 1441, and 1453.

19                 Respectfully submitted,

20

21  Dated: November 22, 2023       /s/ *David C. Marcus*

                           David C. Marcus

22                            (SBN: 158704)

23                            WILMER CUTLER PICKERING

                            HALE AND DORR LLP

24                            350 South Grand Avenue, Suite 2400

25                            Los Angeles, CA 90071

26                            Telephone: (213) 443-5312

27                            Fax: (213) 443-5400

                          david.marcus@wilmerhale.com

28

9

*Attorney for Defendants Tesla, Inc., Tesla
Lease Trust, Tesla Finance LLC*