UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL RICHARDSON,<br><br>    Plaintiff,<br><br>v.<br><br>TESLA INC., et al.,<br><br>    Defendants. | Case No. 24-cv-00209-RFL   (ASK)<br><br>**NOTICE TO THE PARTIES** |

    It recently came to my attention that a family member of mine owned stock in Tesla Inc. The family member's ownership of this stock has not affected or impacted any decision in this case, and that ownership interest has now been divested.

    Although the family member's ownership of this stock would ordinarily require recusal, Canon 3C(4) of the Code of Conduct for United States Judges states that a judge is not disqualified because of "a financial interest in a party" if the judge (or the judge's relevant family member) "divests the interest that provides the grounds for disqualification," unless the interest could be substantially affected by the outcome of the proceeding. Advisory Opinion No. 69 from the Judicial Conference's Committee on Codes of Conduct explains that a judge may divest the disqualifying interest under Canon 3C(4) at the beginning of the case, after the judge has spent substantial time on the case, or anytime in between.

    Based on the issues presented in this case, I have concluded that my family member's former interest in Tesla Inc. could not have been substantially affected by the outcome of the proceeding and, additionally, the family member has now divested the interest. Further, the public interest will be served by my continuing to preside over this case because it will avoid having the

matter reassigned to another judge.

**IT IS SO ORDERED.**

Dated: February 24, 2026

_____
AJAY KRISHNAN
United States Magistrate Judge